AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
Dec 1, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: pd  DEPUTY



FILED
CLERK, U.S. DISTRICT COURT
12/1/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ARO  DEPUTY

United States of America,
v.

EFRAIN DELGADO BENITES, also known as ("aka") "Efrain Delgadobenitez,"

Defendant(s)

Case No. 8:25-mj-00948-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>October 29, 2025</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

JARED BROMBERG, Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: December 1, 2025

*Judge's signature*

City and state: Santa Ana, California

Hon. JOHN D. EARLY, U.S. Magistrate Judge
Printed name and title

AUSA: Kristin Spencer

**AFFIDAVIT**

I, Jared Bromberg, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against EFRAIN DELGADO BENITES, also known as ("aka") "Efrain Delgadobenitez" ("DELGADO"), charging him with violating Title 8, United States Code, Section 1326(a) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the Alien File ("A-File") that is assigned to DELGADO, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF JARED BROMBERG

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los

1

Angeles Enforcement and Removal Operations ("ERO") field office, Santa Ana sub-office. Prior to working as a DO with ICE, I worked as an Immigration Enforcement Agent with ICE since February 2007. Prior to working for ICE, I worked as a Customs and Border Protection Officer with United States Customs and Border Protection ("CBP") since July 2004. Prior to working for CBP, I worked as an Immigration Inspector for INS since August 2002.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about October 29, 2025, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that DELGADO had recently been encountered by the Orange County Sheriff's Department. On or about October 29, 2025, DELGADO was determined to be at the Orange County Jail in Santa Ana, California by Deportation Officer R. Camacho ("DO Camacho"). DO Camacho is authorized to enforce Immigration laws pursuant to Section 287(a) of the Immigration and Nationality Act. A Request For Advance Notification Of Release (Form I-247G) was issued against DELGADO.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.  On or about November 11, 2025, I reviewed DHS A-File A88-382-394 (the "DHS A-File"), which is maintained for subject alien DELGADO.  The DHS A-File contained the following documents and information:

    a.  A Record of Deportable/Inadmissible Alien (Form I-213) dated on or about March 14, 2007, listing a Fingerprint Identification Number (FIN) number.  I compared the FIN number to the one listed on the electronic notification received from the PERC.  These documents list the same FIN number.  I thus believe that this DHS A-File and its contents corresponded to DELGADO.

    b.  The following documents related to DELGADO's removal:

        i.  A Notice and Order of Expedited Removal showing that DELGADO was ordered removed from the United States by R. Van Ness, Branch Chief, on or about March 14, 2007.

        ii.  An executed Notice to Alien Ordered Removed/Departure Verification indicating that DELGADO was officially removed from the United States on or about March 14, 2007.

    c.  I know from my training and experience that a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Notice to Alien Ordered

3

.
Case 8:25-mj-00948-DUTY    Document 1    Filed 12/01/25    Page 5 of 6    Page ID #:5

Removed/Departure Verification in the DHS A-File contained a photograph, signature, and fingerprint.

    d.   A Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (Form I-867A) dated on or about March 14, 2007, indicates that DELGADO admitted to being a citizen of Mexico.

    7.   On or about November 11, 2025, I reviewed the DHS computer indices on DELGADO. Based on my training and experience, I know that the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that DELGADO had been removed, deported, and/or excluded on or about the date indicated on the Notice to Alien Ordered Removed/Departure Verification found in the DHS A-File. The DHS computer indices further indicated that DELGADO had not obtained from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal.

    8.   Based on my review of the DHS A-File, I determined that it does not contain any record of DELGADO receiving from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after

deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

## IV. CONCLUSION

9.   For all the reasons described above, there is probable cause to believe that EFRAIN DELGADO BENITES has committed a violation of Title 8, United States Code, Section 1326(a): Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  1st  day of
December 2025.

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE

5